PER CURIAM.
This Court has recently addressed the application of the Alabama Red Light Abatement Act, Code 1975, §§ 6-5-140 et seq., to the exhibition of obscene movies. Trans-Lux Corp. v. State ex rel. Sweeton, 366 So.2d 710 (Ala.1979). The views of the justices are stated therein.
*2 This cause, however, is different. It deals with proscribed specific conduct on the part of employees and customers of the appellant-defendant, Ellwest Stereo Thea-tres, Inc. After a hearing, the trial judge found, viz:
“4. The evidence presented in this cause on behalf of the plaintiffs consisted of the testimony of ten police officers of the City of Birmingham, including the plaintiff, James C. Parsons, the Chief of Police of said City. Each of the ten witnesses for the plaintiff gave testimony on the general reputation of the defendant’s premises situated at 1727 Third Avenue North, Birmingham, Alabama. The Court finds from this testimony that the general reputation of the Ellwest Stereo Theatre, Inc., in the community is bad and that, further, it has a reputation as a place where homosexuals congregate and engage in lewd conduct. In addition to the testimony going to the reputation of the defendant’s premises, a number of police officers testified to witnessing various incidents which occurred within the subject premises. One of these incidents involved two male customers who were observed in the act of fellatio within one of the booths in the premises. The door to the booth was opened to public view at the time. In another incident, an undercover vice officer was solicited by a male customer to perform an unnatural sex act. This customer had entered the officer’s booth uninvited and exposed his private parts and began masturbating. One officer testified that on another occasion as he was making a routine inspection of the premises, he observed a male customer masturbating within one of the booths with the door thereof left open. Other officers testified to various acts of lewdness, including completely nude female employees of defendant on a stage adjacent to viewer booths. These females fondled their breasts and genitals as they performed and on several occasions engaged in masturbation during the course of the performance. These performances were described variously as vulgar, lewd and seductive by plaintiff’s witnesses who observed them. One undercover vice officer was offered sexual intercourse for a monetary consideration by one of the female employees who, at the time of the offer, was completely nude.”
We agree with the trial judge that these “acts and conduct,” in and of themselves, “were acts of lewdness, prostitution and assignation within the definition and meaning of Section 6-5-140 et seq. of the Code of Alabama, 1975, said code sections being known collectively as the Alabama Red Light Abatement Act.” Thus, we agree that the trial court properly found that the use of the premises constituted a “public nuisance” under that Act and the premises were subject to being enjoined and padlocked. To hold otherwise would thwart the purposes to be served by the Alabama Red Light Abatement Act.
Whether appellant Ellwest’s contention is correct that “general reputation” cannot be proved by reputation among police officers we need not determine because we find that evidence of such reputation was not necessary to be shown in order to reach the trial judge’s conclusion as to “lewdness.” The record amply supports his conclusion without reference to “general reputation.”
Neither do we agree with appellant Ellwest that the injunction was “over-broad.” As we read the court’s injunction, it only enjoins the defendant from “further maintaining and continuing the nuisance found to exist at said premises.” In other words, as we see it, the injunction does not prohibit the defendant from using the premises for a legitimate purpose. In furtherance of this view, we note that although the trial court ordered the premises to be padlocked “pending further orders of this Court,” the appellant Ellwest was permitted to remove its personal property from the premises and the court specifically “retains jurisdiction of this matter for the purpose of rendering whatever orders future events may necessitate.” This would indicate to us that, upon proper application by appellant Ellwest, the padlock order might *3 be lifted to enable Ellwest to use the property for a legitimate purpose.
We note that the injunction here is not as broad as the one issued and upheld in People ex rel. Hicks v. “Sarong Gals”, 42 Cal.App.3d 556, 117 Cal.Rptr. 24 (1974), where the judge closed the premises to all uses for one year, except for uses not involving entertainment or use of an alcoholic beverage license.
It is thus that we must conclude that the trial judge’s judgment granting a padlock order and enjoining a nuisance on the premises should be affirmed.
AFFIRMED.
BLOODWORTH, ALMON, SHORES and EMBRY, JJ., concur.
MADDOX, J., concurs specially.
TORBERT, C. J., and FAULKNER, JONES and BEATTY, JJ., dissent.