1. On several occasions during August and September of 1979, female dancers at the club were observed to touch their private parts in an obscene manner and make movements simulating the act of sexual intercourse while on stage, and in the presence of Leonard Grateful, an owner of the club.
 2. During the same period of time, a female employee of the club permitted male patrons to touch and view her private parts in exchange for money.
 3. On one occasion, a dancer believed to be Jill Grateful, a co-owner of the club, walked into a men's room with a male customer, and exited two minutes later with her bosom exposed *Page 133 
and the customer, whose trousers were around his knees, in full pursuit.
 4. On another occasion, an intoxicated patron was stripped to his jockey shorts by several of the dancers, who then placed him on a bed on the stage and rubbed their private parts over his body in an obscene manner, at the suggestion of Leonard Grateful, who directed the scene over the loud speaker system.
 5. On August 31, 1979, a female employee of the club asked a male customer if he wanted to have sexual intercourse with her. On receiving a positive response, she pointed the customer out to Leonard Grateful, received his permission, and arranged to meet the customer at his motel room, specifying that the minimum charge was thirty dollars.
Sorrells requested the Court to preliminarily and permanently enjoin the defendants from maintaining or operating the Godfather Lounge. A hearing date on the preliminary injunction was set for November 6, 1979, and the defendants were served on October 31, 1979. Following the hearing, the trial judge granted the preliminary injunction, ordering the defendants "not to operate, conduct or maintain the Godfather Lounge at its present location or at any other location in Houston County, Alabama, pending further Orders of this Court." Defendants then filed a Motion to Dissolve Preliminary Injunction, on which a hearing was held on November 20, 1979. Following this, the trial court amended its preliminary injunction to read:
 Defendants . . . are hereby ordered not to operate, conduct or maintain the Godfather Lounge, or any other establishment selling alcoholic beverages and offering entertainment, at the present location of the Godfather Lounge or at any other location in Houston County, Alabama, pending further orders of this Court.
 The defendants are not prohibited from operating any legal business which is not prohibited by this Court's order at the location of the Godfather Lounge nor are they prohibited from removing any personal property belonging to them from the premises.
Defendants appealed this order.
Appellants offer three grounds in support of their contention that Code 1975, § 6-5-140, et seq., is unconstitutional. They first argue that it lacks a provision for prompt and final adjudication on the merits, citing Universal Amusement Companyv. Vance, 587 F.2d 159 (5th Cir. 1978), which held the Texas injunction procedure in obscenity situations unconstitutional because "there is no guarantee a final hearing will be seasonably scheduled after the issuance of a preliminary injunction and that a prompt decision will be forthcoming thereafter. . . . [This is] an unacceptable threat to the freedom of expression without due process of law. . . ." However, this contention has already been settled by previous cases interpreting our Red Light District Abatement Act. InGeneral Corporation v. State ex rel. Sweeton, 320 So.2d 668
(Ala. 1975), this Court stated:
 Under the Alabama Red Light Abatement Act, however, pre-adjudicatory restraint in the form of a temporary injunction is saved by other mandatory provisions in the Act which insure a speedy final resolution of the ultimate issue of obscenity. Tit. 7, § 1095, requires a hearing on that issue within ten days of the issuance of the temporary injunction; Tit. 7, § 1101, requires that the defendant must be given at least five days notice prior to the hearing on the matter of whether such an injunction will be granted; and Tit. 7, § 1103, requires that final adjudication shall take `precedence over all other cases except injunctions.' Furthermore, the United States Supreme Court has held that the right to a speedy determination arises only where one has been ex parte deprived of a right. [Citations omitted.]
These requirements have been complied with in the instant case. Although a final adjudication has not been reached, that is because the defendants themselves chose to *Page 134 
take an interlocutory appeal pursuant to Rule 4, Alabama Rules of Appellate Procedure.
Appellants also contend that Code 1975, § 6-5-147, is unconstitutional because it authorizes the prior restraint of future expressions not yet determined to be obscene. However, in interpreting that section, this Court in General Corp. v.State ex rel. Sweeton, supra, has held that the statute could not be applied to padlock a theater for one year for allpurposes upon a showing that admittedly obscene films had been shown at the theater. "Evidence of obscene conduct in the past does not justify enjoining future conduct which is protected bythe First Amendment." (Emphasis added.) General Corp. v. Stateex rel. Sweeton, supra, at p. 675.
Here, however, the statute is not applied to a movie house charged with showing motion pictures which may be protected by the First Amendment, but is applied to a club which, the evidence indicates, allowed or encouraged prostitution and lewd conduct. This behavior is not protected by the First Amendment, and comes within the clear prohibition of the Act. As recently as Ellwest Stereo Theaters, Inc. v. State ex rel. Parsons,371 So.2d 1 (Ala. 1979), we have upheld the validity of the statute when applied to such conduct. We note, also, that the injunction is carefully and specifically worded to avoid infringing on legitimate conduct; defendants are not prohibited from operating any legal business on the premises of the club (apart from a liquor or entertainment club), nor are they prohibited from moving any personal property belonging to them.
Finally, defendants maintain that Code 1975, § 6-5-140, et seq., is unconstitutional in that it fails to provide for a trial by jury to determine the obscenity issue. They cite no authority for the proposition that a jury is required to determine obscenity. Furthermore, they were enjoined from operating a prostitution and lewdness nuisance, requiring no jury. Therefore, we pretermit discussion of this issue.
For the reasons discussed herein, we hold that Code 1975, §6-5-140, et seq., as construed and applied, is constitutional. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.